**Continuation of Application for Search Warrant**

Based on my knowledge, training and experience, and the investigation of law enforcement officers with personal knowledge and with whom I am working, I, Geoffrey Yandl, being duly sworn, depose and state as follows:

## INTRODUCTION

1. Based on the information set forth below, there is probable cause to believe that evidence of violations of federal law, specifically, 21 U.S.C. § 841(a)(1) [Possession with Intent to Distribute a Controlled Substance], and 18 U.S.C. § 922(g)(1) [Felon in Possession of a Firearm], (the **"Subject Offense"**) will be found on the following cellular telephone:

> LG cellular phone [seized from Curtis Nelvin Bowie on November 4, 2017, following his arrest on charges of felon in possession of a firearm, resisting and obstructing a police officer, and possession of cocaine]

(hereinafter the **"Subject Device"**). The categories of electronically stored information and evidence sought are described in Attachment B.

2. This Application requests the issuance of a warrant to examine the **Subject Device**. Bowie was charged in this District with possession of a firearm by a felon in November 2017. The investigation is ongoing, and there is probable cause to believe that the **Subject Device** will contain evidence of illegal activity relating to the purchase, possession, and distribution of controlled substances.

## APPLICANT'S TRAINING AND EXPERIENCE

3. I am a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been since 2007. I have received training in the investigation of controlled substances and firearms. I have learned the methods by which firearms are trafficked and narcotics are packaged and consumed through professional experience as well as my association with other members of law enforcement. This training has made me knowledgeable in firearm trafficking and drug trafficking and manufacturing activity.

4. I know from training and experience that people use cellular phones to communicate via various means, including by text, social media, internet, email, voice, and voicemail. I also know that people involved in firearm and drug crimes frequently use cellular phones to facilitate the illegal purchase, transfer, and possession of firearms and drugs. I also know from training and experience that cellular phones take and store photographs. Drug dealers and those who own firearms illegally often take photographs of drugs and guns. Cellular phones also store other data that can be recovered forensically even after deletion by the user, as well as Global Positioning System (GPS) data indicating the location of the device at given points in time, providing evidence that the device was in high drug trafficking areas or evidencing the route used in trafficking narcotics and firearms. Cellular phones also generate internet use history that can reveal the websites or internet queries entered by the person using the device. Further, these types of devices are frequently used to access social media websites

1

such as Facebook, Instagram, etc.  In my training and experience, drug and firearms traffickers are using social media with increasing frequency to communicate with suppliers and purchasers of narcotics.

5. I know from this investigation that Bowie was arrested on November 4, 2017 in possession of a distribution quantity of cocaine base.

**PROBABLE CAUSE THAT ONE OR MORE OFFENSES HAVE BEEN COMMITTED**

6. The Holland Police Department was investigating an unlawful entry on November 4, 2017 at XXXX Central Ave., Holland MI 49423.  During the investigation, Curtis Bowie, DOB XX/XX/91, fled the scene.  Bowie threw a handgun as he ran.  Officers recovered the firearm.  Officers apprehended Bowie, and he was found in possession of approximately six grams of suspected cocaine base and the **Subject Device**.  The amount of narcotics is consistent with a distribution quantity of cocaine base.  The suspected cocaine base field-tested positive for the presence of cocaine.

7. On November 4, 2017, West Michigan Enforcement Team (WEMET) Detectives interviewed Bowie at the Holland Police Department.  Bowie waived his rights pursuant to *Miranda* and agreed to speak to them.  Bowie admitted possession of the cocaine base.  Bowie admitted possession of the loaded firearm and claimed he found it in his ex-girlfriend's apartment prior to fleeing from the police.

8. On November 29, 2017, Bowie was arrested on a federal warrant obtained by indictment for being a felon in possession of a firearm.

9. Bowie was contacted by police in the following previous incidents:

   a. On February 4, 2012, Holland Police Officer Hamberg made a traffic stop at 16th and Washington in Holland City.  During the traffic stop, he made contact with Curtis Bowie. Officer Hamberg located approximately 47.21 grams of cocaine, 30 grams of marijuana, and 7.82 grams of crack cocaine in the vehicle during his investigation.

   b. On April 8, 2014, a search warrant was obtained by WEMET for the address of 461 Lincoln Ave., Apt. 5, Bowie's residence.  During the search of this apartment, WEMET detectives located 6.61 grams of cocaine (packaged in separate, individual baggies) and 14.01 grams of marijuana (also packaged in separate individual baggies).  The cocaine and a scale were found in Bowie's bedroom.  In Bowie's wallet, detectives located pre-recorded police funds that were used in an undercover drug purchase the day before.

   c. On June 3, 2015, WEMET obtained information from a reliable confidential source that Bowie was in Holland with a quantity of cocaine in his possession. WEMET was advised that Bowie was driving a white 2004 Chevrolet Impala and that he did not have a valid driver's license. Holland Police Officer Hamberg

conducted a traffic stop on Bowie on 17th Street in Holland, Michigan. During the stop, 85.13 grams of marijuana and a scale were located. Bowie was arrested for the suspended driver's license and taken to the Holland Police Department. The arresting officer located 9.69 grams of cocaine and 4.06 grams of crack cocaine on Bowie's person.

10. According to LEIN/NCIC, Bowie has the following previous felony convictions in the State of Michigan:

   a. 2012 Felony Possession of Controlled Substances 25 to 49 grams – 18 months of probation;
   b. 2014 Felony Possession of Controlled Substances less than 25 grams – 90 days in jail;
   c. 2014 Felony Possession of Controlled Substances less than 25 grams – 90 days in jail;
   d. 2016 Felony Delivery of Controlled Substances less than 50 grams – 180 days in jail.

11. Based on the above information, as well as my knowledge, training and experience in firearm and drug investigations, I respectfully submit that there is probable cause to believe that the **Subject Device** contains evidence of the **Subject Offenses**.

12. The **Subject Device** is currently in storage at the WEMET office. The **Subject Device** is stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as it was when the **Subject Device** was first seized.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. The warrant applied for would authorize the extraction and copying of electronically stored information, all under Rule 41(e)(2)(B).

14. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. *Forensic evidence.* This application seeks permission to locate forensic electronic evidence that establishes how the **Subject Device** was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **Subject Device** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

3

16.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

17.     Based on the above facts, I submit there is probable cause to believe that the **Subject Device** described in Attachment A contains evidence and fruits of crimes, as further described in Attachment B, specifically relating to violations of 21 U.S.C. § 841(a)(1) [Possess with Intent to Distribute Controlled Substances], and 18 U.S.C. § 922(g)(1) [Felon in Possession of a Firearm] in the Western Judicial District of Michigan.